**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 1:07-cr-00263 |
| v. | : | |
| | : | (Chief Judge Kane) |
| BARRON WALKER, | : | |
| BARRY WALKER, and | : | |
| JASON MCNEIL, | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the Court is defendant Barron Walker's motion to sever his trial from that of his co-defendant Barry Walker (Doc. No. 43) and brief in support thereof (Doc. No. 44). For the reasons that follow, the motion will be denied.

**I.   BACKGROUND**

On May 31, 2007, a patrol officer with the Harrisburg Bureau of Police heard multiple gunshots in the 1700 block of Carnation Street, Harrisburg, Pennsylvania. (Doc. No. 46, at 2.) Responding to the scene, the officer witnessed three masked individuals fleeing on foot. (Id.) Moments later, one of the individuals, subsequently identified as John McNeil, stopped and fell to the ground. (Id.) The others continued running. (Id.) Making contact, the officer observed that McNeil had suffered a gunshot wound. (Id.) McNeil died of his injuries later that day. (Id.)

Officers investigating the shooting eventually developed information implicating defendant Barron Walker ("Barron") and his brother and co-defendant Barry Walker ("Barry"). (Id.) On the basis of that information, a grand jury was empaneled and, on June 27, 2007, the grand jury issued a four-count indictment against defendants. (Doc. No. 1.) On July 10, 2007, defendants appeared before United States Magistrate Judge J. Andrew Smyser for a detention

hearing, at the conclusion of which the judge ordered both Defendants detained pending trial. (Doc. No. 46, at 2.) Subsequent to the hearing, the United States Marshals Service transported Barry to Dauphin County Prison where he was released into the custody of state parole agents. (Doc. No. 22, at 5; (Doc. No. 46, at 3.) Due to a misunderstanding between the agents and prison officials, Barry was left unrestrained in the prison lobby and allegedly escaped. (Id.)

On July 12, 2007, the United States Marshals Service apprehended Barry while the latter was traveling in an automobile in York, Pennsylvania. (Id.) According to the Government, quantities of cocaine base were later found in the automobile's glove compartment. (Id.)

On July 18, 2007, a grand jury issued an eight-count superceding indictment charging Barron and Barry with possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (2); participation in a conspiracy to commit a drug trafficking offense and possess a firearm in furtherance of a crime of violence or drug trafficking in violation of 21 U.S.C. § 846; use of a firearm during, in relation to, or in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c); possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1); possession, carrying, and use of a firearm during, in relation to, or in furtherance of a drug trafficking offense, to wit, the attempt to take by force controlled substances and United States currency from an unknown individual in violation of 18 U.S.C. § 924(c); and knowingly and willfully committing a robbery affecting interstate commerce in violation of 18 U.S.C. 1951(a). (Doc. No. 52, at 1-6.) In addition to the aforementioned offenses, the indictment charged Barry with intentional escape from the constructive custody of the United States Attorney General in violation of 18 U.S.C. § 751(a)

and possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1). (Id., at 7-8.)

**II.     DISCUSSION**

Federal Rule of Criminal Procedure 8(b) provides that an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). All defendants need not be charged in each count. Id. Counterbalancing this rule is Federal Rule of Criminal Procedure 14(a), which allows a court to order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14(a).

The United States Supreme Court has stated that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Joint trials promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Richardson v. Marsh, 481 U.S. 200, 210 (1987). Consistent with those aims, a court should grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. In determining whether severance is appropriate, "[a] claim of improper joinder under Fed. R. Crim. P. 14 must 'demonstrate clear and substantial prejudice.'" United States v. Gorecki, 813 F.2d 40, 43 (3d Cir. 1987) (quoting United States v. Sebetich, 776 F.2d 412, 427 (3d Cir. 1985)). "The issue is not whether the evidence against a co-defendant is more damaging

but rather whether the jury will be able to 'compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005) (citing United States v. Somers, 496 F.2d 723, 730 (3d Cir. 1974)).

In his motion to sever, Barron argues that joinder is improper because he "had nothing to do with the two counts [against Barry] added in the superceding indictment" (Doc. No. 43, at 2) and that severance is required as a matter of law (Doc. No. 44, at 5). Barron further argues that his kinship with Barry and the paucity of "strong evidence" presents a "clear danger of transference of guilt." (Id., at 3-4.) Specifically, Barron contends that

> there is a distinct possibility that the jury would view the Defendants as "two peas in a pod" with the result of prejudicing Barron Walker's defense through a pour over of the evidence that is strictly admissible against his brother, Barry Walker, i.e., the alleged escape and subsequent possession of crack cocaine. . . . If severance is granted, the jury should be allowed to focus strictly on what Barron Walker did or did not do and [in] a case such as this (where the evidence against the Defendant is far from overwhelming) severance is particularly appropriate and well within the discretion of the Court under Rule 14.

(Id., at 3.) The Government counters that, in light of the preference for joint trials and the relative ease with which a jury could compartmentalize the evidence adduced against Barry alone, the offenses were properly joined. (Doc. No. 46, at 5-6.) "If [the] Court were to grant a separate trial for counts five and six of the superseding indictment," the Government adds, "[it] would seek to introduce the evidence from these incidents at Barron and Barry Walker's trial on the first four counts under Federal Rule of Evidence 404(b)." [1] (Id. at 5.)

---

[1] Federal Rule of Evidence 404(b) provides:
Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs,

As previously noted, joinder is appropriate where the defendants are alleged to have participated "in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Based on the record before the Court, defendants in this case are properly joined and no prejudice will result from a single trial. The events of May 31, 2007, in which both Barron and Barry are alleged to have participated, are properly seen as a logical predicate to Barry's alleged escape, and the escape, in turn, the culminating act "in the same series of acts." Id. Though the defendants in this case may indeed be so close in name and relation as to resemble "two peas in a pod," there is no reason to believe that a jury could not compartmentalize the evidence that Barry allegedly escaped custody, and give each defendant his due. Furthermore, a lack of "overwhelming evidence" does not, as Barron claims, make severance "particularly appropriate." (Doc. No. 43, at 3.) On the contrary, as the Third Circuit Court of Appeals has repeatedly admonished, the mere introduction of distinct or more damaging evidence against one defendant does not entitle a co-defendant—even one seemingly less culpable—to a separate trial. See United States v. McGlory, 968 F.2d 309 (3d Cir. 1992); see also United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005) (rejecting appellant's argument that "he was extremely prejudiced" by joinder with a co-defendant who fled the scene of their

> or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

arrest); see also United States v. Sandini, 888 F.2d 300, 307 (3d Cir. 1989) ("Undoubtedly, there are many criminal cases in which defendants are tried together on different counts, so that all the evidence is not germane to all the counts against each defendant."). There is no reason to believe that a petit jury considering Barron or Barry's culpability would be any less capable of compartmentalizing the evidence against each brother on each individual count than the grand jury that charged Barry alone with the additional counts. Cf. United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005) ("[T]he fact that the grand jury charged one defendant separately with an additional criminal act . . . would [not] interfere with the petite [sic] jury's ability to consider the evidence against each defendant."). Nevertheless, should this matter proceed to trial, the Court will specifically instruct the jury to "give separate individual consideration to each charge against each defendant," as the Third Circuit has advised. United States v. Hart, 273 F.3d 363, 370 (3d Cir. 2001); see also United States v. Boyd, 595 F.2d 120, 125 (3d Cir. 1978) (holding that co-defendant's "contention of a 'spill over' of incriminating evidence is countered by the evidence of a single conspiracy in which he played a part and by the trial judge's instructions specifically directing the jury to evaluate each defendant's guilt or innocence individually").

The conspiracy charge in the instant indictment satisfies the mandate of Rule 8(b) by "provid[ing] a common link, and demonstrat[ing] the existence of a common scheme or plan." United States v. Somers, 496 F.2d 723, 729-30 (3d Cir. 1974) (emphasis omitted) (citing Charles Alan Wright, 1 Federal Practice and Procedure § 144 (1969)). See, e.g., United States v. Price, 13 F.3d 711 (3d Cir. 1994) (holding that a single, overarching drug conspiracy charge was a sufficient basis for joinder); United States v. Thornton, 1 F.3d 149 (3d Cir. 1993) (same); United

States v. Adams, 759 F.2d 1099, 1113 (3d Cir. 1985) ( "To the extent that a single conspiracy was charged, no severance was required."). Moreover, principals of judicial economy favor a joint trial where, as here, a single conspiracy is charged. See United States v. McGlory, 968 F.2d 309, 340 (3d Cir. 1992).

## III.   CONCLUSION

For the foregoing reasons, Defendant Barron Walker's motion to sever his trial from that of his co-defendant Barry Walker (Doc. No. 43) will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 1:07-cr-00263 |
| v. : | |
| : | (Chief Judge Kane) |
| BARRON WALKER, : | |
| BARRY WALKER, and : | |
| JASON MCNEIL, : | |
| : | |
| **Defendants** : | |

## ORDER

**AND NOW**, on this 30th day of May, 2008, upon due consideration of the Court and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendant Barron Walker's motion to sever his trial from that of his co-defendant Barry Walker (Doc. No. 43) is **DENIED**.

        s/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania

**O:\Kane\Michael F\Criminal\Walker\Barron\Motion to Sever (43)\Walker - Order - Motion to Sever - 27 May 08 - Final Draft.wpd**